UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY LEE CLARK | CIVIL ACTION |
| VERSUS | NO. 18-2364 |
| CITY OF THIBODEAUX, THIBODAUX POLICE DEPARTMENT, TOMMY ESCHETTE, TIMOTHY WAYNE LIPSCOMBE, AND ROUSES ENTERPRISES | SECTION: M (2) |

**ORDER & REASONS**

Before the Court are: a motion for reconsideration filed by plaintiff Harvey Lee Clark ("Clark"),[1] to which defendants Rouses Enterprises ("Rouses"), the City of Thibodeaux ("the City"), the City of Thibodeaux Police Department ("the TPD"), and Mayor Tommy Eschete, individually and in his official capacity as Mayor of the City of Thibodaux ("Eschete"), respond in opposition;[2] and a motion to dismiss filed by defendant Timothy Wayne Lipscombe, individually and in his official capacity ("Lipscombe").[3] Clark did not file a memorandum in opposition to Lipscombe's motion.

**I.    Clark's Motion to Reconsider (R. Doc. 31)**

On July 16, 2018, Rouses filed a motion to dismiss for failure to state a claim, or alternatively, a motion for a more definite statement, which was set for submission on August 15, 2018.[4] On July 31, 2018, the City, the TPD, and Eschete, filed a motion to dismiss for failure to state a claim, which was set for submission on August 29, 2018.[5] Clark did not file a memorandum in opposition to either motion. As a result, on October 1, 2018, this Court granted

---

[1] R. Doc. 31.
[2] R. Docs. 33 & 34.
[3] R. Doc. 32.
[4] R. Doc. 10.
[5] R. Doc. 16.

the motions as unopposed and dismissed without prejudice Clark's claims against Rouses, the City, the TPD, and Eschete.[6]

On November 23, 2018, Clark filed the instant motion to reconsider this Court's October 1, 2018 Order.[7] Clark argues that, as a *pro se* plaintiff, it would be impossible for him to know the Court's rules, and he did not understand that he was required to oppose the motions to dismiss.[8] The defendants argue that Clark's motion should be denied because he does not demonstrate that the Court made a manifest error that warrants reconsideration.[9]

Because this Court's October 1, 2018 Order did not dismiss Clark's claims against Lipscombe, it was an interlocutory order. Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (2d ed.).

The general practice in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final

---

[6] R. Doc. 19.
[7] R. Doc. 31.
[8] *Id.* at 1-2.
[9] R. Docs. 33 & 34.

judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1434398, at *3-4 (E.D. La. Apr. 5, 2010). A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

The Court is not persuaded that reconsideration is warranted. Clark's sole argument is that, as a *pro se* litigant, he cannot be expected to know this Court's rules. In granting as unopposed the defendants' motions to dismiss, this Court recognized that Clark is proceeding *pro se*, but nevertheless, a *pro se* party is still required to "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Moreover, in considering whether to grant the motions, the Court determined that they had merit. Clark's motion for reconsideration points to no manifest error of law or fact or newly discovered evidence as would alter this conclusion. Accordingly, Clark's motion to reconsider is DENIED.

## II.     Lipscombe's Motion to Dismiss (R. Doc. 32)

On December 10, 2018, the remaining defendant, Lipscombe, filed his motion to dismiss and set it for submission on January 3, 2018.[10] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date. Thus, Clark's opposition memorandum was due on December 26, 2018, but he did not file one. Accordingly, because the

---

[10] R. Doc. 32.

motion to dismiss is unopposed, and it appearing to the Court that the motion has merit, it is GRANTED as unopposed.

### III. CONCLUSION

IT IS ORDERED that Clark's motion to reconsider (R. Doc. 31) is DENIED.

IT IS FURTHER ORDERED that Lipscombe's motion to dismiss is GRANTED as unopposed, and Clark's claims against Lipscombe, individually and in his official capacity, are dismissed without prejudice.

New Orleans, Louisiana, this 14th day of January, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE